## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>HOST INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No.: 1:12-cv-02024-JLT<br><br>ORDER TO DEFENDANTS TO SHOW CAUSE WHY THE MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE STRICKEN FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER |

Defendants HMS Host USA, Inc., and Host International, Inc. ("Defendants") filed a motion for summary judgment on August 12, 2013. (Doc. 173). Notably, this matter is ready for trial, and the parties have filed motions in limine that are currently pending before the Court. Further, pursuant to the scheduling order entered by the Central District in this action, it appears the motion is untimely. (Doc. 15 at 1; Doc. 102). Thus, leave of the Court is needed to file the motion beyond the timeframe set forth in the scheduling order.[2]

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The deadlines are considered "firm, real and are to be taken seriously by parties and their counsel." *Shore v. Brown*, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009). Further, the Local

---

[2] Notably, Defendants filed a motion for summary judgment related to the former *Batres* matter on July 30, 2012 (Doc. 72) but chose not to file a dispositive motion as to Medilock's PAGA claims.

Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (issuing sanctions for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (issuing sanctions for failure to prosecute and to comply with local rules).

Accordingly, Defendants are **ORDERED** to show cause within 7 days of the date of service of this Order why the motion for summary judgment should not be stricken.

IT IS SO ORDERED.

Dated:   **April 18, 2013**              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE