# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOST INTERNATIONAL, INC., et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-02024-JLT<br><br>ORDER STRIKING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER<br><br>(Doc. 173) |

On April 12, 2013, HMS Host USA, Inc., and Host International, Inc. ("Defendants") filed a motion for summary judgment. (Doc. 173). Noting the motion appeared to violate the scheduling order, the Court issued an order to show cause why the motion should not be stricken on April 18, 2013. (Doc. 178). Defendants filed their response on April 25, 2013, asserting the motion was filed "in good faith… based upon its understanding of the Court's order at the trial setting conference." (Doc. 179 at 3). In the alternative, Defendants assert the motion should be considered "as an additional [motion in limine], requesting that the Court preclude Plaintiff from presenting evidence at PAGA violations at trial." *Id.* Defendants contend the motion for summary judgment should be heard in the interest of judicial economy. *Id.*

Previously, the Court noted the matter is ready for trial, and the parties filed motions in limine that are currently pending before the Court. Pursuant to the scheduling order entered by the Central District in this action, the deadline for filing dispositive motions was May 18, 2012. (Doc. 15 at 1).

1

Likewise, under Fed. R. Civ. P. 56(b), motions for summary judgment may be filed, unless the court orders otherwise, within 30 days of the close of discovery.

Courts have broad discretion to manage the pre-trial phase of an action and "to facilitate prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Accordingly, the courts issue scheduling orders to limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The deadlines are considered "firm, real and are to be taken seriously by parties and their counsel." *Shore v. Brown*, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009).

Because the deadline set forth in the scheduling order has expired, Defendants may not file a motion for summary judgment without seeking the Court's permission pursuant to Rule 16(b). *See Johnson*, 975 F.2d at 607-08 ("Orders entered before the final pretrial conference may be modified upon a showing of 'good cause,'" but the court may deny an untimely motion "where no request to modify the order has been made"). Here, Defendants do not demonstrate good cause for modification of the Court's scheduling order. Moreover, the Ninth Circuit has determined it is appropriate to either strike or deny a motion for summary judgment as untimely where it was filed after the deadline. *Ammons v. Bakewell,* 481 Fed. Appx. 389 (9th Cir. 2012) (finding "[t]he district court did not abuse its discretion in striking [a] motion for summary judgment that [was] filed after the scheduling order deadline" where no good cause for the untimely filing was shown); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir.1985) (affirming the denial of a motion for summary judgment where the motion was untimely).

On the other hand, the Court declines to consider the motion as a motion in limine. Notably, a motion in limine *is not a dispositive motion*. A motion in limine is "any motion ... to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). Thus, a motion in limine by definition is an evidentiary motion and courts look with disfavor upon presenting dispositive motions in the guise of a motion in limine. *See Shewbridge v. El Dorado Irrigation Dist.*, 2007 WL 1294392 at *1 (E.D.Cal. Apr. 30, 2007).

Accordingly, because Defendants have not demonstrated good cause for amending the Court's scheduling order, Defendants' motion for summary judgment (Doc. 173) is **STRICKEN** as untimely.

IT IS SO ORDERED.

Dated:   **April 29, 2013**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE