**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRIKA MEDLOCK,<br><br>      Plaintiff,<br><br>   v.<br><br>HOST INTERNATIONAL, INC., et al.,<br><br>      Defendants. | Case No.: 1:12-cv-02024 - JLT<br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE<br><br>(Docs. 143, 145) |

Before the Court are the motions in limine filed by Plaintiff Sandrika Medlock ("Medlock" or "Plaintiff") and Defendants Host International, Inc., and HMS Host, USA, Inc. (collectively, "Host" or "Defendants").

## I.    PROCEDURAL HISTORY

Cesar Batres and Maria DePerez, Host employees at John Wayne International Airport, filed an action on behalf of themselves and others similarly situated against HMS Host USA, in Orange County Superior Court on August 23, 2010. (Doc. 1 at 2). Host International, Inc. filed a notice of removal of the action to the Central District of California on September 27, 2010, which initiated the action in the District Court. (Doc. 1). On December 9, 2010, Batres and DePerez filed a First Amended Complaint, identifying both HMS Host USA and Host International as defendants and asserting both companies were their employer. (Doc. 9).

On September 15, 2010, Sandrika Medlock, employed by Host at Fresno Yosemite International Airport, initiated an action against HMS Host USA in Fresno County Superior Court, Case. No. 10CECG02340. (Doc. 10 at 1). This action was removed to the Eastern District Court on November 18, 2010, thereby initiating the action before this Court in Case. No. 10-CV-02167-LJO-GSA.[1] The Eastern District determined the action filed Medlock presented substantially similar claims as those alleged by Batres and Maria DePerez, and that the action should be transferred to the Central District under the first-to-file rule, which grants the Court "discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." See Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). Accordingly, the Court transferred Medlock to the Central District on December 21, 2010. (Doc. 10 at 1).

The Central District consolidated Batres and Medlock on April 26, 2011. (Doc. 18). However, Medlock decided not to pursue class certification, and the class claims presented by Cesar Batres and Maria DePerez were dismissed with prejudice. (Doc. 130; Doc. 155 at 2).

Medlock filed a Second Amended Complaint on September 19, 2012. (Doc. 110). She alleges that Defendants violated the California Labor Code by failing to pay proper overtime compensation, denying meal periods or an additional hour of pay, denying full reimbursement for business-related expenses and costs, failing to pay minimum wage, requiring payment of wages back to Host, failing to timely pay wages, and failing to provide complete and accurate wage statements. Id. (citing Cal. Labor Code §§ 204, 221, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, 1198, 2800, and 2802). Medlock maintains the action on behalf of herself and as a Private Attorney General Act ("PAGA") representative for aggrieved employees at the Fresno airport. Id. Defendants' motion to dismiss the Second Amended Complaint was denied by the court on November 2, 2012. (Doc. 130).

On December 13, 2012, the Central District granted Medlock's *ex parte* motion to transfer the

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the Court's docket and records filed in Medlock v. HMS Host USA, Inc., Case No. 1:10-cv-02167-LJO-GSA.

case back to the Eastern District. (Doc. 155 at 2). The court found a transfer was warranted pursuant to 28 U.S.C. § 1404(a), because the claims by Batres and DePerez had been dismissed and "Medlock has limited her action to Fresno airport employees." Id. at 5.

## II.  MOTIONS IN LIMINE

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted). Likewise, the Seventh Circuit found motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

## III.  Defendants' Motion in Limine No. 1: Preclusion of Representative Evidence

Host requests the Court preclude Plaintiff "from (a) introducing purportedly representative evidence, including testimony or data sampling, at trial to attempt to prove California Labor Code Private Attorneys General Act ("PAGA") violations, and (b) replying upon timekeeping records alone to establish meal and rest break violations." (Doc. 143 at 2). In general, motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. See Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). A court "is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). Therefore, the Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. Sperberg, 519 F.2d at 712.

Plaintiff asserts she "is prepared to present testimony of all her witnesses at trial" and reports she "does not intend to use so-called representative evidence to impose liability . . ." (Doc. 150 at 4, 7) (emphasis omitted). However, she asserts that a modified form of representative evidence may be allowed to demonstrate the maximum penalty. She asserts, for example, if 30 employees testify about a particular Labor Code violation, the Court can infer that these violations occurred also as to the

1  remaining 57 employees. (Doc. 150 at 8 n. 5) On the other hand, Plaintiff reports she does not intend
2  to use timekeeping records alone, but will rather "augment testimony of her witnesses at trial with
3  Defendants' timekeeping and other data." Id. at 10 (emphasis omitted).
4      California's Labor Code section 512(a) requires that if an employee works more than five
5  hours in a shift, the employee is entitled to a 30–minute meal break, during which time the employee
6  must be relieved of all work duties. Brinker Rest. Corp. v. Super. Ct., 53 Cal.4th 1004, 1040-1041
7  (2012). This break must occur no later than the start of the sixth hour. The meal break is not limited to
8  the right to eat; rather, employees must be free to attend to any personal business they may choose
9  during the 30–minute period. *Id*. at 1036. Likewise, an employee may forego the meal break and
10 continue to work provided the employer does not discourage or impede the employee from taking the
11 break *Id*. at 1040. On the other hand, wage order No. 5-2001 requires the employer to maintain
12 records detailing the meal breaks and its failure to do so, raises a rebuttable presumption that the
13 breaks were not afforded.
14     Though the employer has no obligation to ensure employees take the breaks that are offered, if
15 Plaintiff demonstrates through live witness testimony, data or otherwise, that meals were not taken
16 timely or were not taken at all, the burden will shift to Defendants to demonstrate it did not interfere
17 with employees taking breaks or discourage them from doing so and that the breaks were waived. In
18 Brinker, Justice Werdegar noted in the concurrence,

> If an employer's records show no meal period for a given shift over five hours, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided . . . An employer's assertion that it did relieve the employee of duty, but the employee waived the opportunity to have a work-free break, is not an element that a plaintiff must disprove as part of the plaintiff's case-in-chief. Rather, as the Court of Appeal properly recognized, the assertion is an affirmative defense, and thus the burden is on the employer, as the party asserting waiver, to plead and prove it.

23 Brinker, 53 Cal. 4th 1004 at 1052-1053. In Ricaldai v. U.S. Investigations Servs., LLC, 878
24 F.Supp.2d 1038, 1044 (C.D.Cal.2012), the court agreed.

> [T]he court notes its agreement with Justices Werdegar and Liu that it is the employer's burden to rebut a presumption that meal periods were not adequately provided, where the employer fails to record any meal periods. Otherwise, employers would have an incentive to ignore their recording duty, leaving employees the difficult task of proving that the employer either failed to advise them of their meal period rights, or unlawfully pressured them to waive those rights.

4

Again, in Seckler v. Kindred Healthcare Operating Group, Inc., 2013 WL 812656 at *8 (CD Cal., March 5, 2013), the court found that where, "a meal period was sometimes not provided to named Plaintiffs within the five hours . . . the burden would fall on the employer to rebut the presumption of inadequate meal periods."

In considering the burdens of proof and the use of approximation to determine damages in an off-the-clock claim under the Fair Labor Standards Act, the Court noted, in circumstances where the employer has failed to maintain adequate records demonstrating when employees work,

> [W]e hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946), superseded on other as stated in Reich v. N.Y. City Transit Auth., 45 F.3d 646, 649 (2d Cir.1995). The Court continued, "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [§]11(c) of the Act." Id. In a similar vein, the Ninth Circuit has approved of approximated awards in cases brought under the FLSA. Brock v. Seto, 790 F.2d 1446, 1448-1449 (9th Cir. 1986); McLaughlin v. Ho Fat Seto, 850 F.2d 586, 589-590 (9th Cir. 1988); Alvarez v. IBP, Inc., 339 F.3d 894, 914–915 (9th Cir.2003)

Here, Defendants argue that individualized determinations as to the meal break claim are required because statistical analysis fails to demonstrate that any particular employee's historical data is representative of the whole. (Doc. 143-1 at 6)  However, Plaintiff is obligated to demonstrate only that the labor code violations occurred.  As a law enforcement action, a PAGA action is a method by which the named plaintiff is, in essence, deputized to punish errant employers.  McKenzie v. Federal Exp. Corp., 765 F.Supp.2d 1222, 1234 (C.D.Cal.2011).  Thus, Plaintiff need not provide an individualized analysis of damages as to the PAGA claim because, first, damages are not recoverable and second, Labor Code § 2699(f) sets forth the maximum civil penalties that may be assessed.

Notably, the report of Mr. Crandall demonstrates that the maximum number of *possible* meal break violations is ascertainable by review of the records; either a meal break was taken and taken timely, or it was not. The fact that Defendants may counter with evidence that the employer did not impede or discourage breaks and that employees waived their meal break, does not impose a burden on Plaintiff; this is an affirmative defense. Brinker, 53 Cal. 4th 1004 at 1052-1053 ("the burden is on the employer, as the party asserting waiver, to plead and prove it.").

On the other hand, the blanket assertion that survey or representative evidence is not allowable in this action, assumes too much. The cases relied upon by Plaintiff's to demonstrate that this type of evidence is insufficient, generally, were decided in the context of motions for class certifications. For example, in Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct.2541, 2560-2561 (2011), the Court determined that individualized determinations as to each were required based upon the "detailed remedial scheme" provided by Title VII. The Court held that each employee was entitled to a determination of whether the employee was entitled to back pay, reinstatement, injunction, hiring or other equitable relief. Id. Moreover, Wal-Mart was entitled to present evidence as to each employee demonstrating that the adverse action taken was for a reason other than discrimination. Id.

Likewise, in Comcast v. Behrens, 133 S.Ct. 1426, 1432-1435 (March 27, 2013), the Court found the damages model submitted by Plaintiff failed to demonstrate that damages are measurable on a class-wide basis. Far from rejecting that a measurement tool is inappropriate, the Court took issue with the *particular* measurement tool because it failed to tie the asserted damage to the sole, class-based theory alleged in the case. Id. at 1433-1435. Finally, Hibbs-Rines v. Seagate Technologies, LLC, 2009 WL 513496 at *4 (ND Cal. 2009)[2], stands for the unremarkable proposition that Plaintiff is required to prove every Labor Code violation in order to obtain a civil penalty therefore. Exactly why Defendants believe this requires live witness testimony rather than evidence presented in a representative fashion or via documentary evidence, is unclear.

Based upon the foregoing, the motion in limine is **DENIED**.

---

[2] To the extremely limited extent that the Court will consider the unpublished, statement of decision in Driscoll v. Granite, Case No. 1-08-cv-103426 issued in the state court, Driscoll may be read for the proposition that Plaintiff must prove a Labor Code violation before a civil penalty could be imposed for that particular violation.

**IV.     Defendants' Motion in Limine No. 2:  Preclude Testimony of Witnesses**

Host seeks to preclude Plaintiff from introducing evidence to establish PAGA violations "against any current or former Host employee, other than those identified in Plaintiff's discovery responses." (Doc. 145 at 2).  Defendants explain:

> During discovery, Host served interrogatories and requests for admission specifically seeking information regarding the identities of individuals who Plaintiff intended to prove were aggrieved employees, the nature of the Labor Code violation alleged and what facts would be used to prove the violations. In response to that discovery, Plaintiff identified seven (7) individuals as aggrieved employees, who she claims worked off-the-clock or during a rest or meal break, while employed by Host.

(Doc. 145-1 at 2).  According to Defendants, Plaintiff failed to supplement her discovery responses, and did not disclose the identities of "roughly 80 aggrieved employees" until the pre-trial conference held on November 20, 2012.  *Id.* at 6.

Rule 26(e) of the Federal Rules of Civil Procedure requires a party who has responded to an interrogatory or who has made a disclosure under Rule 26(a) to supplement its response in a timely manner if the party learns that its response is incomplete and if the additional information has not otherwise been made known to the other party during the discovery process.  Fed.R.Civ.P. 26.  A party is restricted from using the information or witnesses at trial unless the failure to supplement was substantially justified or harmless.  Fed.R.Civ.P. 37(c)(1); R & R Sails, Inc. v. Ins. Co. of the State of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir.2012) (the party facing the preclusion of evidence under Rule 37 "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless").

To determine whether the introduction of evidence should be precluded pursuant to Rule 37, the Court considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." San Francisco Baykeeper v. West Bay Sanitary Dist., 791 F.Supp.2d 719, 733 (N.D. Cal.2011) (quoting Dey. L.P. v. Ivax Pharms., Inc., 233 F.R.D. 567, 571 (C.D. Cal. 2005)).

Importantly, although Defendants assert Plaintiff did not identify these witnesses in her initial disclosure and did not supplement her disclosure, Defendants do not assert they did not learn of the

7

witnesses during the course of discovery.  As Plaintiff asserts, "the information sought by Defendants through supplemental discovery has been known by and solely within Defendants' possession, as the aggrieved employees in this case are Defendants' current and former employees."  (Doc. 151 at 5).  At the hearing, Defendants admitted the names of the 87 people were provided by them to Plaintiff with the time clock data.  Though many of the Labor Code violations cannot be ascertainable by resort to this data, the alleged meal break violation could.  Indeed, Plaintiff asserted that her expert relied upon this data to determine that many—if not all—suffered at least one meal break violation.

At the hearing, however, Defendants reported that this data was provided in 2011 which means that Plaintiff easily could have provided the names of those suffering Labor Code violations well before the 2012 disclosure.  The fact that the parties had been focused on whether a class would be certified is understandable but does not justify the failure to conduct comprehensive discovery.  Thus, the Court finds Plaintiff's failure to provide the discovery was not substantially justified.

On the other hand, in the Second Amended Complaint Plaintiff alleges Defendants violated California law by failing to pay proper overtime compensation, denying meal periods or, in the alternative, paying an additional hour of pay, denying full reimbursement for business-related expenses and costs, failing to pay minimum wage, requiring payment of wages back to Host, failing to timely pay wages, and failing to provide complete and accurate wage statements.  (Doc. 110).  Accordingly, Plaintiff alleges Defendants utilized unlawful practices that affected all employees.  Thus, Defendants cannot be surprised that the witnesses identified by Plaintiff include "virtually all current and former employees employed during the PAGA period." (Doc. 145-1 at 8).  Because Defendants identified the witnesses as putative class members (Doc. 151 at 8), they were on notice that these witnesses may have information relevant to the action.  The only surprise that may exist is "regarding which Labor Code provision was allegedly violated as to each [witness] or what facts would be alleged as to such violations or what witnesses would testify regarding such violations." Id.  However, given Defendants were aware of the names of the potential witnesses, the Court must conclude they chose, as a matter of strategy--not to conduct this discovery.

Routinely in class certification motions, employers present declarations of their current and former employees demonstrating that the claims asserted do not apply on a class-wide basis.  Though

the Court is mindful that this is not a class action, the implication that this tactic could not have been used here, is not supported. Instead, a defendant should not be precluded from conducting discovery until after the plaintiff completes her efforts and identifies to the defendant which of its employees can attest to which of the alleged violations. Conversely, a defendant should not assume that it has no discovery obligations unless or until this occurs. As discussed above, the affirmative defense of waiver makes the failure to conduct this discovery imprudent[3] and, indeed, is required by Rule 26(a)(1)(A)(i). (A defendant must provide "the name . . . of each individual likely to have discoverable information . . . to support its . . . defenses. . .")

The cases cited by Defendants that address PAGA issues do not assist them and, generally, do not stand for the propositions Defendants' claim. For example, Defendants argue Chie v. Reed Elsevier, Inc., 2011 WL 3879495 at *4 (ND Cal. Sept. 2, 2011), demonstrates a plaintiff must identify each of the aggrieved employees by name or face dismissal of the action. (Doc. 145-1 at 7, n. 4) However, in Chie, the court found the plaintiff failed to state a claim—not because she failed to list the names of the aggrieved employees in the complaint but because she failed to include an adequate definition of the types or categories of employees (of the 800 employed) who were aggrieved. Moreover, despite the implication of Defendants' arguments, in fact, Chie was dismissed *with leave to amend*. Chie at 5. Moua v. International Business Machines Corp., 2012 WL 5373401 at *3-4 (ND Cal. Oct. 30 2012) held similarly. Though noting that PAGA *does not require* a plaintiff to identify the particular employees who are "aggrieved," the pleading standards in federal court require sufficient factual allegations to support the complaint's conclusion that liability may be imposed. Id. at 4. Again, the court concluded this required allegations defining the categories of employees that were aggrieved. Id. However, the plaintiff identified a list of employees in her claim to the LWDA and asserted only these employees were situated similarly to the plaintiff. Id. at *3-4. Despite attaching this letter to the complaint, the plaintiff alleged that the matter was being asserted on all "similarly situated" employees as if this included employees not identified to the LWDA. Id. The

---

[3] Furthermore, an employer is better able to have contact with its own employees and, given that this case seeks only to impose civil penalties—rather than seeking damages on behalf of these employees—avoids potential conflicts of interest between the employer and the employees. Given, also, that there are only 87 employees at issue, conducting this discovery would not have been especially onerous.

Court granted the motion for judgment on the pleadings as to the employees not identified to the LWDA and refused to grant leave to amend because the plaintiff did not seek this relief. Id. at *5.

Thus, based upon the foregoing, the Court does not find that Defendants were surprised by the late identification of the witnesses. It understands, also, the inclination to conduct no discovery in the hopes Plaintiff would fail to uncover an alleged violation. However, "playing for a foul" in discovery, is risky.

In any event, the Court is alarmed by the parties' lack of attention to the requirements of Rule 26. The Court is stunned the parties—in particular the Plaintiff—seemed to think they had a lesser obligation toward discovery in this PAGA case than they did when it was also a class action. The Court does not condone this failure, does not excuse it and will not tolerate any further missteps.

Nevertheless, clearly, the discovery *not* conducted by all of the parties prejudices each of their cases. The implicit suggestion that the Court—rather than the parties—should absorb the prejudice at trial is unacceptable. The Court will not allow the trial to devolve into a series of mini-depositions and will not tolerate witnesses being presented without the presenting party having certainty as to what the testimony will reveal.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' Motion in Limine No. 1 (Doc. 143) is **DENIED**; and
2. Defendants' Motion in Limine No. 2 (Doc. 145) is **DENIED** without prejudice;
   a. **No later than May 31, 2013**, Plaintiff **SHALL** provide to Defendants a list of the names of the witnesses (of the identified 87 employees) whom she intends to call at trial along with a list of the alleged violations about which each witness will testify and a brief summary of the facts upon which each violation the witness' testimony will support, is founded;
   b. **No later than June 14, 2013 and again on July 16, 2013**, Plaintiff **SHALL** supplement this list. Witnesses (of the identified 87 employees) not identified by Plaintiff by July 16, 2013 or for whom the full information detailed above is not provided, will **not** be permitted to testify at trial;

    c. Defendants **SHALL** complete their discovery efforts of the witnesses identified on May 31, 2013, **no later than July 14, 2013** unless Plaintiff agrees otherwise.

    d. Defendants **SHALL** complete their discovery efforts of the witnesses identified on June 14, 2013, **no later than July 15, 2013** unless Plaintiff agrees otherwise.

    e. Defendants **SHALL** complete their discovery efforts of the witnesses identified on July 16, 2013, **no later than August 16, 2013**.

    f. In no event shall Defendants' discovery efforts extend beyond August 16, 2013.

    g. Defendants are not obligated to conduct depositions of each of the witnesses identified by Plaintiff. They may choose, instead, to conduct interviews such as the Plaintiff is currently conducting. In any event, **no later than August 30, 2013**, as to any witness not deposed, Defendants **SHALL** produce to Plaintiff a list of the witnesses—from the list of those identified by Plaintiff--they will call to testify at trial, the defense(s) about which the witness will testify and a brief summary of the facts upon which each defense the witness' testimony will support, is founded.

IT IS SO ORDERED.

Dated: **May 21, 2013**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE